## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Albany LLC, | ) | No. 16-02426 |
| | ) | |
| Debtor. | ) | Honorable Judge: Carol A. Doyle |
| | ) | |

### NOTICE OF MOTION

**To: Attached Service List**

      PLEASE TAKE NOTICE that on November 3, 2016 at 10:30 a.m., or a soon thereafter as Counsel may be heard I shall appear before the Honorable Judge Carol A. Doyle in courtroom 742 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois shall there and then present Illinois shall there and then present Debtor's Motion for Final Decree pursuant to 11 U.S.C. 330, a copy of which is attached to this Notice and hereby served upon you. **The Motion attaches a Group Exhibit showing Plan Payments made on the Effective Date. If you are a creditor and did not receive a payment you expected on the "Effective Date" as set forth in the Debtor's Chapter 11 Plan/Disclosure Statement, please advise the undersigned attorneys for the Debtor IMMEDIATELY.**

      **TAKE FURTHER NOTICE** that a hearing to consider approval of the Debtor's Motion For Final Decree will be held on **NOVEMBER 3, 2016** at 10:30 a.m., before the Honorable Janet S. Baer, or any Judge sitting in her stead, in Courtroom 642 of the United States Bankruptcy Court, or any other courtroom therein, 219 S. Dearborn Street, Chicago, Illinois. You are welcome, but not required, to attend this hearing.

      /s/O. Allan Fridman

### CERTIFICATE OF SERVICE

    I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by mail on October 13, 2016.

      /s/   O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062 847-412-0788 (6274954)

SERVICE LIST

By ECF Filing and Mail:

Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF
@usdoj.gov

Roman L. Sukley
Trial Attorney
Office of the United
States Trustee
219 S. Dearborn St.,
Room 873

Kevin R. Purtill
Chuhak & Tecson, PC
30 South Wacker Drive,
Suite 2600,
Chicago, IL 60606-7413

**By Mail Access**
Contemporary Music
1758 West Willson
Chicago, IL 60648

American Enterprise Bank
600 N Buffalo Grove
Buffalo Grove, IL 60089

Anthony Mesok
1775 W Greenleaf
Chicago, IL 60626

Schiller Park, IL 60176

Associated Bank
200 N. Adams Street
Green Bay, WI 54307-9006

Bark Place
1171 W Greenleaf
Chicago, IL 60626

Bark Place
1775 W Greenleaf
Chicago, IL 60626

Brouwer Brothers Steamatic
4120 W 123rd Street
Alsip, IL 60803

Chamlin P.C
8725 Narragansett Ave,
Morton Grove, IL 60053

Damres Cruz
1767 W Greenleaf
Chicago, IL 60626

Don Schein
8816 Birch Ave
Morton Grove, IL 60053

Expert Hair Sculpture
1771 W Greenleaf
Chicago, IL 60626

Faruk Uzicanin
911 Madison Street,
Evanston, IL 60202

Isabel Salon
1767 Greenleaf
Chicago, IL 60626

Leon Zelechoski
111 Washington St
Suite 1051
Chicago, IL 60602

Manuel Perez
1771 W Greenleaf
Chicago, IL 60626

Mission Capital
3823 Mission Hills Road
Northbrook, IL 60062

Pilas Teys
1771 W Greenleaf
Chicago, IL 60626

Rosado Construction
2439 New York Avenue
Whiting, IN 46394

Total Power
9051 Niles Center Rd
Skokie, IL 60076

Treacy Plat
1769 W. Greenleaf
Chicago, IL 60626

UA Heating and Cooling
4224 Atlantic Ave

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Albany LLC, | ) | No. 16-02426 |
| | ) | |
| Debtor. | ) | Honorable Judge: Carol A. Doyle |

**THE DEBTOR'S MOTION
FOR FINAL DECREE**

Now comes the Debtor, Albany LLC, ("Debtor"), through its attorney, O. Allan Fridman (the "Attorneys"), respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

**BACKGROUND**

1. On January 27, 2016 ("Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") and plan of reorganization.

2. On February 18, 2016, this Court entered an Order Approving Debtors' employment of O. Allan Fridman as Debtor's bankruptcy counsel in the Chapter 11 Cases retroactive to the Petition Date.

1

3.  The Debtor was formed as an Illinois Limited Liability Company ("LLC") in 2001. In 2003 the Debtor acquired the property located at 1771 W. Greenleaf, Chicago, IL ("the Property.") The Property consists of a two story mixed-use building with 5 first floor commercial spaces and 5 apartments on the second floor.

4.  On September 15, 2016, the Court entered an order approving the Debtor's amended plan and disclosure date.

5.  Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

6.  Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

**BASIS FOR RELIEF**

7.  The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

   a) the order confirming the plan has become final;
   b) deposits required by the plan have been distributed;
   c) the property proposed by the plan to be transferred has been transferred; the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
   d) payments under the plan have commenced; and
   e) all motions, contested matters, and adversary proceedings have

2

been finally resolved.

8. Various courts have viewed these factors as a guide for determining whether a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters.*, Inc., 207 B.R. 536, 538- 39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc.*, 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

9. Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

10. Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|
| Class 1 Secured Claim Secured Associated bank | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 2- | Impaired | Payments made according to terms of plan |
| Class 3 Unsecured Creditors | Impaired | Payments began on the Effective Date of plan see Exhibit 1 |

11. In this case, the Confirmation Order has become a final order. The initial payments have been made as shown by Exhibit 1. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

## **NOTICE**

12. Notice of this Motion, has been given to (a) the Office of the United States

Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

13. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

Respectfully Submitted,

By: /s/ O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)412-0788
6274954

5